Filed 9/22/15  P. v. Talbert CA2/2

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | B260491 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. YA023457) |
| v. | |
| WILLIAM TALBERT, | |
| Defendant and Appellant. | |

THE COURT:[*]

Defendant William Talbert appeals from the order denying with prejudice his petition for recall of sentence under Penal Code section 1170.126.[1]  Defendant was sentenced to 61 years to life pursuant to section 667, subdivisions (b)-(i) and section 1170.12, subdivisions (a)-(d) (the Three Strikes law).

We appointed counsel to represent defendant on this appeal.  Counsel filed an "opening brief" in which she stated she had failed to find any arguable issues.  On May 27, 2015, we informed defendant he had 30 days in which to file a supplemental

_____

[*]    BOREN, P. J., ASHMANN-GERST, J., HOFFSTADT, J.

[1]    All further references to statutes are to the Penal Code unless stated otherwise.

brief containing any issues he wished this court to consider. On June 17, 2015, defendant filed a supplemental brief in which he argues that his conviction for second degree robbery, which makes him ineligible for relief under section 1170.126, is in error.

On November 21, 1995, defendant was convicted of two counts of petty theft with a prior (§ 666) (counts 1 & 2) and second degree robbery (§ 211) (count 3) after a jury trial.[2] The trial court dismissed one count of petty theft with a prior as a lesser included offense of the robbery. Defendant was found to have suffered two serious felony convictions within the meaning of section 667, subdivision (a)(1) and one prior prison term within the meaning of section 667.5, subdivision (b). The trial court sentenced defendant to life in prison with a minimum of 61 years, consisting of consecutive 25-years-to-life sentences in each of counts 1 and 3, two consecutive five-year terms for the prior serious felony convictions, and a consecutive year for the prior prison term enhancement. This court affirmed defendant's convictions in an unpublished opinion on December 9, 1996, in case No. B099866.

On August 18, 2014, defendant filed a petition in pro. per. for recall of sentence pursuant to section 1170.126. On August 22, 2014, the superior court denied with prejudice defendant's petition on the ground that "[o]ne of defendant's current convictions is for second degree robbery . . . which is a violent felony pursuant to Penal Code section 667.5, (c)(9), making defendant ineligible for resentencing pursuant to Penal Code section 1170.126, (e)(2)."

On November 3, 2014, the public defender filed another petition for recall of sentence on defendant's behalf, in which he argued for resentencing on defendant's conviction for petty theft with a prior only. On November 13, 2014, the superior court dismissed this petition. On December 1, 2014, defendant filed a notice of appeal.

Subsequent to his notice of appeal, defendant appears to have filed a petition under section 1170.18 (Prop. 47), which was granted as to count 1, petty theft with a prior. On March 24, 2015, the superior court ordered defendant's felony sentence in count 1

---

[2]    This court takes judicial notice of its unpublished opinion in case No. B099866, filed December 9, 1996, affirming defendant's convictions.

2

recalled and set aside, and imposed a misdemeanor sentence as to count 1 only. The court sentenced defendant to one year in county jail to run concurrently with count 3. The court stated that defendant was not eligible for resentencing in count 3 under Proposition 47. Defendant's sentence was reduced to 11 years plus 25 years to life with the possibility of parole.

In his June 17, 2015 supplemental brief, defendant argues that count 2, the petty theft with a prior that was dismissed as a lesser included offense of the robbery, must "take precedent" over the "alleged robbery" in count 3. According to defendant, the record fails to reflect the elements of second degree robbery, and the offense he actually committed was the petty theft. Therefore, he is eligible for resentencing in count 3 as well. Defendant argues that the court determining eligibility for recall of sentence is required to make a factual determination that is not limited by review of the particular statutory offense of which he was convicted, and he must be provided with an opportunity to be heard.

In order to clarify defendant's contentions, we recite the statement of facts from our opinion affirming defendant's convictions in the case at issue: "The evidence, viewed in the light most favorable to the judgment (*People* v. *Ochoa* (1993) 6 Cal.4th 1199, 1206), established that on February 26, 1995, appellant and three companions left a Lucky's supermarket in Torrance carrying baby formula and beer for which they had not paid. A store clerk pursued the thieves, and appellant turned and gestured using 'the finger.' On March 1, 1995, appellant stole cases and cans of baby formula from an Alpha Beta Market in the same city after pushing a cashier into a cash register when she attempted to prevent the theft. The probation officer's report, which detailed appellant's lengthy criminal history, states that appellant's youngest child at the time of the baby formula theft was nine years old. The report emphasized appellant's 'ongoing, brazen criminality' and recommended the maximum period of incarceration to protect society."

Defendant maintains that an element of robbery was not proved in that the record of conviction fails to show the property was removed from the owner's possession or control and into that of the thief. The testimony of the Alpha Beta supermarket

3

employees did not establish an ownership of the property. He states that no one from the market even saw the baby formula anywhere at any time prior to seeing the alleged suspects in possession of it. Defendant asserts the jury clearly speculated that the supermarket had property rights over the property. Therefore, the robbery charge and conviction must fall, the serious felony enhancements must be vacated, and defendant must be granted an evidentiary hearing prior to any determination of ineligibility for recall of sentence.

Defendant cannot now challenge the sufficiency of the evidence in support of his prior robbery conviction, which he did not challenge in his direct appeal. Defendant did not claim that the prosecutor failed to show the Alpha Beta store was in possession of the baby formula that defendant took from the store after pushing a clerk against a cash register when she attempted to prevent the theft. (See *People v. Scott* (2009) 45 Cal.4th 743, 751, 754 [under the theory of constructive possession, the concept of possession includes employees as robbery victims].) We reject defendant's attempt to characterize his crime of robbery as a petty theft and conclude he is not entitled to a hearing for the purpose of relitigating his robbery conviction in order to be eligible for recall of sentence.

We have examined the entire record, and we are satisfied that defendant's attorney has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende* (1979) 25 Cal.3d 436, 441.)

The order denying defendant's petition with respect to count 3 is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.

4